UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: <br> JAMES V. FRANZESE <br><br> and <br><br> KRISTIN E. FRANZESE <br>     Debtors <br> RONALD I. CHORCHES, TRUSTEE <br>     Plaintiff <br> v. <br> SAVANNAH COLLEGE OF ART & DESIGN <br>     Defendant | CASE NO. 15-51198 (AST) <br><br> CHAPTER 7 <br><br><br> ADV. PRO. NO. 16- <br><br><br><br> JUNE 23, 2016 |

## COMPLAINT

1. James V. Franzese and Karen E. Franzese (the "Debtors") are individuals who reside at 2 Parley Lane, Ridgefield, CT 06877.

2. Savannah College of Art & Design (the "Defendant" or "SCAD") is a private university with its principal place of operation at 342 Bull St., Savannah, GA 31402.

3. On August 24, 2015 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Ronald I. Chorches, Trustee (the "Plaintiff or "Trustee") is the duly appointed Chapter 7 Trustee for the Debtors' estate.

### Factual Background

5. The Debtors are the parents of Julia V. Franzese, an individual who at all relevant times to this complaint was over the age of 18 years.

6. During the period August 2014 through August 2015, Julia V. Franzese was a student at SCAD.

7. During the entire period from August 2014 through August 2015, the Debtors were insolvent.

8. From August 2014 through August 2015, the Debtors had unreasonably small capital to operate.

9. From August 2014 through August 2015, the Debtors were unable to pay their debts as they became due.

10. This Complaint initiates an adversary proceeding pursuant to §§544, 548, and 550 of the United States Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 7001(1). The Complaint seeks to avoid and recover constructive fraudulent transfers of the Debtors' property made to or for the benefit of the Defendant.

11. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§157 and 1334(b) because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

12. This matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (E), (H), and (O).

13. Pursuant to 28 U.S.C. §1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtors' case is pending in this district and division.

## I. COUNT ONE: Constructive Fraudulent Transfer pursuant to 11 U.S.C. §548(a)(1)(B)

1-13. Paragraphs 1-13 of this Complaint are re-alleged as if fully set forth herein.

14. The chart below details the payments made by the Debtors to the Defendant to pay for the tuition and other expenses of Julia V. Franzese during the two year period prior to the Petition Date:

| DATE | AMOUNT |
| --- | --- |
| December 4, 2014 | $500.00 |
| December 29, 2014 | $7,276.00 |
| May 29, 2015 | $3,600.00 |
| September 10, 2015 | $90.00 |
| September 11, 2015 | $1,000.00 |
| TOTAL | $12,466.00 |

(the "SCAD Transfers"). The Plaintiff reserves the right to amend these figures should more payments come to light through discovery.

15. The SCAD Transfers were made on or within two years before the Petition Date.

16. The Debtors received less than reasonably equivalent value in exchange for the SCAD Transfers.

17. At the time of the SCAD Transfers, the Debtors were insolvent, or became insolvent as a result of the SCAD Transfers.

18. At the time of the SCAD Transfers, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with the Debtors was an unreasonably small amount of capital.

19. At the time of the SCAD Transfers, the Debtors intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

3

20. The SCAD Transfers constitute constructively fraudulent transfers avoidable by the Trustee pursuant to §548(a)(1)(B) of the Bankruptcy Code and are recoverable from the Defendant pursuant to §550(a) of the Bankruptcy Code.

21. As a result of the foregoing, pursuant to §§548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the SCAD Transfers, (b) directing that the SCAD Transfers be set aside, and (c) recovering the SCAD Transfers or the value thereof, from the Defendant for the benefit of the Debtors' estate.

**WHEREFORE**, the Plaintiff Ronald I. Chorches, Chapter 7 Trustee respectfully requests the Court enter judgment in favor of the Trustee and against the Defendant as follows:

1. On Count One, pursuant to 11 U.S.C. §§548(a)(1)(B), 550(a), and 551: (a) avoidance of the SCAD Transfers; (b) an order directing that the SCAD Transfers be set aside, and (c) recovery of the SCAD Transfers, or the value thereof, from the Defendant for the benefit of the Debtors' estate;

2. Attorney's fees;

3. Pre-judgment interest;

4. Post-judgment interest;

5. Costs; and

6. Such other and further relief as this Court deems just and proper.

Dated this 23rd day of June, 2016.

          RONALD I. CHORCHES, TRUSTEE
          PLAINTIFF

By:   */s/ David T. Austin*
      David T. Austin, Esq. for
      Law Offices of Ronald I. Chorches, LLC
      449 Silas Deane Highway, 2d Floor
      Wethersfield, CT  06109
      (860) 563-3955
      FAX:  (860) 513-1577
      eMail:  ronaldchorches@sbcglobal.net
      Fed Bar # 29578
      His Attorney